UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| CAROLYN JONES, TAMARA GIBSON, individually and on behalf of her infant daughter, O'LIVIA GIBSON, ALICIA HARRIS, individually and on behalf of her infant daughter, ELIZABELLA PARCHMENT, SHAREEKAH JONES, individually and on behalf of her infant daughter, JAMEELAH HARDY, BARBARA HARRIS, VIRGINIA MITCHELL, PATRICK JONES, LAVELLE JOHNSON, | Docket No.  **COMPLAINT AND JURY DEMAND** |
| Plaintiffs, | |
| -against- | ELECTRONIC FILING CASE |
| THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, CAPTAIN KEVIN HARRINGTON, POLICE OFFICER JOHN L. VERRILLI, JOHN DOE ##1-25, | |
| Defendants. | |

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws and constitution of the State of New York.

2.  The claim arises from a May 1, 2004 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, inter alia, excessive force, assault, battery, trespass, false arrest, false imprisonment, and malicious prosecution for acts of which plaintiffs were innocent.

3.  Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiffs are citizens of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner is sued in his individual and official capacities.

10. Captain Kevin Harrington ("the Captain") was at all times here relevant the Commanding Officer of Police Service Area 2 ("PSA 2") and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. The Captain is sued in his individual and official capacities.

11. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On May 1, 2004, at approximately 10:00 p.m., plaintiff Carolyn Jones was in front of the building she lived in, 48 Fleet Walk, Brooklyn, New York, when she was assaulted and battered by a police officer. Then police officers unlawfully entered Plaintiff Carolyn Jones' apartment, #1B at 48 Fleet Walk and used excessive force against plaintiff Patrick Jones in the course of arresting him.

15. Defendant police officers seized, assaulted and battered plaintiffs inside the residence and in a nearby area outside of the residence, sprayed mace at them, and damaged plaintiffs' property.

16. Plaintiffs Alicia Harris and Lavelle Johnson were also falsely arrested in the course of the incident. Plaintiff Alicia Harris was unlawfully strip-searched.

17. Defendant officers maliciously prosecuted plaintiff Lavelle Johnson.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various

3

actions described and lent their physical presence and support and the authority of their office to each other during said events.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

20. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

   a. Violation of their rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of their person;

   b. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   c. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   d. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

   g. Interference with parental relationship;

   h. Loss of liberty;

   i. Attorney's and court fees.

## **FIRST CAUSE OF ACTION**
(ASSAULT)

21. All preceding paragraphs are here incorporated by reference.

22. Upon approaching plaintiffs, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under the laws of the State of New York and 42 USC § 1983.

24. Plaintiffs were damaged by defendants' assault in the amount of Five Million and Five Hundred Thousand ($5,500,000.00) Dollars.

## SECOND CAUSE OF ACTION
(BATTERY)

25. All preceding paragraphs are here incorporated by reference.

26. Defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them.

27. Defendants used excessive and unnecessary force with plaintiffs.

28. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under the laws of the State of New York and 42 USC § 1983.

29. Plaintiffs were damaged by the battery of the defendants in the amount of Five Million and Five Hundred Thousand ($5,500,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

30. All preceding paragraphs are here incorporated by reference.

31. Defendants subjected plaintiffs Patrick Jones, Alicia Harris and Lavelle Johnson to false arrest, false imprisonment, and deprivation of liberty without probable cause.

32. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under the laws of the State of New York and 42 USC § 1983.

33. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged in the sum of One Million and Five Hundred Thousand ($1,500,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

34. All preceding paragraphs are here incorporated by reference.

35. Defendants caused a false criminal accusatory instrument to be filed against plaintiff Lavelle Johnson.

36. The proceedings were terminated favorably to plaintiff.

37. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the laws of the State of New York and 42 USC § 1983.

38. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of five hundred ($500,000.00) dollars.

### FIFTH CAUSE OF ACTION
(TRESPASS)

39. All preceding paragraphs are here incorporated by reference.

40. Defendants voluntarily and intentionally entered upon plaintiff Carolyn Jones' real property without consent.

41. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under New York State common law, 42 USC §1983 and the New York State Constitution.

42.     As a result of the trespass, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

### SIXTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

43.     All preceding paragraphs are here incorporated by reference.

44.     The City, the Commissioner, and the Captain are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

45.     The City, the Commissioner, and the Captain knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

46.     The aforesaid event was not an isolated incident.  The City, the Commissioner, and the Captain have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause.  The City, Commissioner and Captain are also aware from the same sources that many of their police officers are insufficiently trained in the bases to lawfully enter a citizens' residence.  The City, Commissioner, and Captain are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal.  The City, the Commissioner, and the Captain fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies.  Further, there is no procedure to notify individual officers or their supervisors of the results of judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.  Additionally, the City, Commissioner, and the Captain have isolated their law department from the discipline of

7

police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate the plaintiffs' civil rights, without fear of reprisal.

47.     The City, the Commissioner, and the Captain knew or should have known that the officers who caused plaintiffs injury had a propensity for the type of conduct that took place in this case.  Nevertheless, the City, the Commissioner and the Captain failed to take corrective action.

48.     The City, the Commissioner and the Captain have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

49.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Commissioner, and the Captain to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

50.     Defendants City of New York, the Commissioner, and the Captain have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

51.     Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, the Inspector and the Captain in the amount of Five Million and

Five Hundred Thousand ($5,500,000.00) dollars.

### **SEVENTH CAUSE OF ACTION**
(42 USC § 1983)

52. The preceding paragraphs are here incorporated by reference.

53. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

54. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

55. Plaintiffs have been damaged as a result of defendants' wrongful acts in the amount of Five Million and Five Hundred Thousand ($5,500,000.00) dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in the amount of Five Million and Five Hundred Thousand ($5,500,000.00) dollars for plaintiffs' First, Second, Sixth and Seventh Causes of Action;

B. In favor of plaintiffs Patrick Jones, Alicia Harris and Lavelle Johnson in the amount of One Million and Five Hundred Thousand ($1,500,000.00) dollars for plaintiffs' Third Cause of Action;

C. In favor of plaintiff Lavelle Johnson in the amount of Five Hundred Thousand ($500,000.00) dollars for plaintiffs' Fourth Cause of Action;

D. In favor of plaintiff Carolyn Jones in the amount of Five Hundred Thousand

($500,000.00) dollars for plaintiffs' Fifth Cause of Action;

  E. Awarding each plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiffs' Causes of Action;

  F. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  G. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

  DATED: Brooklyn, New York
      December 2, 2005

TO: New York City
  Office of the Corporation Counsel
  100 Church Street, 4th floor
  New York, NY 10007

  Police Commissioner Raymond W. Kelly
  1 Police Plaza, Room 1406
  New York, NY 10006

  Deputy Inspector Kevin Harrington
  46th Police Precinct
  2120 Ryer Ave.
  Bronx, NY 10457

  Police Officer John Verrilli
  PSA-1
  2860 West 23rd Street
  Brooklyn, NY 11224

Yours, etc.,

LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507
lglickman@earthlink.net