UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

CAROLYN JONES, TAMARA GIBSON, individually and on behalf of her infant daughter, O'LIVIA GIBSON, ALICIA HARRIS, individually and on behalf of her infant daughter, ELIZABELLA PARCHMENT, SHAREEKAH JONES, individually and on behalf of her infant daughter, JAMEELAH HARDY, BARBARA HARRIS, VIRIGINIA MITCHELL, PATRICK JONES, LAVELLE JOHNSON,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, CAPTAIN KEVIN HARRINGTON, DEPUTY INSPECTOR TIMOTHY PEARSON, POLICE OFFICER JOHN L. VERILLI, SHIELD #10311, POLICE OFFICER JOHN BORRUSO, SHIELD #4906, POLICE OFFICER CRAIG REGINA, SHIELD #8233, POLICE OFFICER SHOKOYO HARRIS, SHIELD #31290, POLICE OFFICER SUNIL SINGH, SHIELD # 29382, SERGEANT JOSEPH WELSH, SHIELD #2960, POLICE OFFICER DARRYL SMITH, SHIELD #28686, POLICE OFFICER LATOYA MCLEOD, SHIELD #31367, POLICE OFFICER THOMAS KING, SHIELD #08041, SEARGEANT PATRICK WELSH, SHIELD #1708, POLICE OFFICE PHILOME DIEUDONNE, SHIELD #6586, POLICE OFFICER RUTHVEN GODDARD, SHIELD #23579, POLICE OFFICER CHRISTOPHER MCINTOSH, SHIELD #1811, POLICE OFFICER CARLTON MCKENNEY, SHIELD #29305, POLICE OFFICER CHARLES HAGER, SHIELD #12617, SERGEANT JOSEPH STRIFFER, POLICE OFFICER MICHAEL GERARDI, POLICE OFFICER DANIEL HOWIE, POLICE OFFICER BERNARD BARROW, POLICE OFFICER DAPHINA SOLOMON, SERGEANT WILLIAM PEARSON, SERGEANT JOSEPH DELDUCA, LIEUTENANT ERIC ADAMS, SERGEANT ROGER MCGHEE, POLICE OFFICER ROMAN ZLONKIEWICZ, LIEUTENANT PAUL WEEKS,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT**

05 CV 10292 (RJH)

JURY TRIAL DEMANDED

Defendants City of New York, Raymond Kelly, Kevin Harrington and John Verilli, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the First Amended Complaint.

3. Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the First Amended Complaint, except admit that plaintiffs purport to assert jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the First Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the First Amended Complaint.

8. Admit the allegations set forth in paragraph "8" of the First Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that Raymond Kelly is and was the New York City Police Department Commissioner and that plaintiffs purport to sue him as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the First Amended Complaint, except admit that Kevin Harrington was at one time assigned as the Captain of the PSA 2 Command and that plaintiffs purport to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the First Amended Complaint, except admit that plaintiffs purport to sue as stated therein.

12. Defendants state that the allegations set forth in paragraph "12" of the First Amended Complaint contain legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the First Amended Complaint, except admit that documents purported to be Notices of Claim on behalf of Patrick Jones, Carolyn Jones, Tamara Gibson, O'Livia Gibson, Virginia Mitchell, Alicia Harris, Elizabeth Parchment, Barbara Harris and Lavelle Johnson were received by the Comptroller's Office and that the claims have not been settled.

14. Deny the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the First Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the First Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint and all of its subparts.

21. In response to the allegations set forth in paragraph "21" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the First Amended Complaint.

25. In response to the allegations set forth in paragraph "25" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the First Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the First Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the First Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the First Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the First Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the First Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the First Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the First Amended Complaint.

43. In response to the allegations set forth in paragraph "43" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the First Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47. In response to the allegations set forth in paragraph "47" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the First Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the First Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the First Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the First Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the First Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the First Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the First Amended Complaint.

56. In response to the allegations set forth in paragraph "56" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the First Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the First Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the First Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

60. The First Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

62. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

63. The individual defendants Raymond Kelly, Kevin Harrington and John Verilli have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

64. Raymond Kelly and Kevin Harrington had no personal involvement.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

65. At all times relevant to the acts alleged in the First Amedned Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

66. All of the plaintiffs' detention was privileged, there existed reasonable suspicion and/or probable cause to detain and/or arrest all plaintiffs and there existed probable cause to prosecute all plaintiffs.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

67. The minor plaintiffs herein were not conscious of their alleged confinement.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

68. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

69. Punitive damages cannot be assessed as against the City of New York.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

70. To the extent some or all of the plaintiffs assert causes of action pursuant to state law, they are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

71. To the extent any of the plaintiffs did not live at 48 Fleet Walk, Apt. 1B on May 1, 2004, they have no legal standing to assert unlawful entry into such premises.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

68. Some or all of the plaintiffs may have failed to comply with the conditions precedent to suit as required pursuant to NY GML § 50(e).

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

69. Plaintiffs provoked the incidents herein.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

70. Plaintiff Patrick Jones is collaterally estopped from asserting any claims related to his arrest, detention and prosecution because he pled guilty.

**WHEREFORE,** defendants City, Kelly, Harrington and Verrilli request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 20, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-220
New York, New York 10007
(212) 788-0711

By: ______________________
Liora Jacobi [LJ0347]
Special Federal Litigation Division

To: Stoll & Glickman
Mr. Leo Glickman, Esq.
*Attorney for Plaintiff*
71 Nevins Street
Brooklyn, New York 11217

# DECLARATION OF SERVICE BY MAIL

I, Liora Jacobi, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on September 20, 2006, I served the annexed **ANSWER TO FIRST AMENDED COMPLAINT** upon plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by plaintiff's counsel for that purpose:

Stoll & Glickman
Mr. Leo Glickman, Esq.
71 Nevins Street
Brooklyn, New York 11217

Dated: New York, New York
September 20, 2006

Liora Jacobi
Liora Jacobi

**05 CV 10292 (RJH)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN JONES, TAMARA GIBSON, individually and on behalf of her infant daughter, O'LIVIA GIBSON, ALICIA HARRIS, individually and on behalf of her infant daughter, ELIZABELLA PARCHMENT, SHAREEKAH JONES, individually and on behalf of her infant daughter, JAMEELAH HARDY, BARBARA HARRIS, VIRIGINIA MITCHELL, PATRICK JONES, LAVELLE JOHNSON,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, CAPTAIN KEVIN HARRINGTON, DEPUTY INSPECTOR TIMOTHY PEARSON, POLICE OFFICER JOHN L. VERILLI, SHIELD #10311, POLICE OFFICER JOHN BORRUSO, SHIELD #4906, POLICE OFFICER CRAIG REGINA, SHIELD #8233, POLICE OFFICER SHOKOYO HARRIS, SHIELD #31290, POLICE OFFICER SUNIL SINGH, SHIELD # 29382, SERGEANT JOSEPH WELSH, SHIELD #2960, POLICE OFFICER DARRYL SMITH, SHIELD #28686, POLICE OFFICER LATOYA MCLEOD, SHIELD #31367, POLICE OFFICER THOMAS KING, SHIELD #08041, SEARGEANT PATRICK WELSH, SHIELD #1708, POLICE OFFICE PHILOME DIEUDONNE, SHIELD #6586, POLICE OFFICER RUTHVEN GODDARD, SHIELD #23579, POLICE OFFICER CHRISTOPHER MCINTOSH, SHIELD #1811, POLICE OFFICER CARLTON MCKENNEY, SHIELD #29305, POLICE OFFICER CHARLES HAGER, SHIELD #12617, SERGEANT JOSEPH STRIFFER, POLICE OFFICER MICHAEL GERARDI, POLICE OFFICER DANIEL HOWIE, POLICE OFFICER BERNARD BARROW, POLICE OFFICER DAPHINA SOLOMON, SERGEANT WILLIAM PEARSON, SERGEANT JOSEPH DELDUCA, LIEUTENANT ERIC ADAMS, SERGEANT ROGER MCGHEE, POLICE OFFICER ROMAN ZLONKIEWICZ, LIEUTENANT PAUL WEEKS,

Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

***MICHAEL A. CARDOZO***
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, New York, N.Y. 10007
Of Counsel: Liora Jacobi, Tel: (212) 788-0711

*Due and timely service is hereby admitted.*
*New York, N.Y.* ............................................... *, 200 . . .*
.................................................................................... *Esq.*
*Attorney for* ......................................................................